UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIA GIL HURTADO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FORD MOTOR COMPANY.<br><br>　　　　　Defendant. | Case No. 1:22-cv-00206-ADA-CDB<br><br>ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS OF $100 PER DAY<br><br>(Doc. 25) |

　　　　On January 18, 2022, Plaintiff Eila Gil Hurtado ("Plaintiff") initiated this action against Defendant Ford Motor Company ("Defendant") in Superior Court of the State of California, County of Kern. (Doc. 1). Defendant removed this action to this Court on February 17, 2022. *Id*.

　　　　On June 20, 2023, consistent with the assigned district judge's standing order,[1] the Court ordered the parties to meet and confer and file a joint report identifying dates of mutual availability to convene for settlement conference. (Doc. 15). Because the parties did not timely comply with the Court's order, on July 5, 2023, the Court issued an order to show cause in writing why sanctions should not be imposed. (Doc. 16). The parties filed a response to the order to show cause but failed to demonstrate the untimely filing was the result of excusable neglect. (Docs. 17-18).

　　　　On July 13, 2023, the parties filed a joint status report. (Doc. 19). The following day, the

---

[1] https://www.caed.uscourts.gov/caednew/assets/File/ADA%20Stando%20Rev%2004272023.pdf, at page 5 (last visited Sept. 11, 2023).

1

1  Court discharged the order to show cause after finding the parties' representations constituted
2  excusable neglect; the Court concurrently issued an order setting a settlement conference. (Docs.
3  20-21). In its order setting the parameters for the settlement conference, the Court directed the
4  parties to lodge with the Court confidential settlement conference no later than September 7, 2023.
5  (Doc. 21 at 2). After Plaintiff failed to timely lodge a confidential settlement statement, the Court
6  directed Plaintiff to comply with the submission requirement by 9:00 a.m. on September 11, 2023.
7  (Doc. 25). Plaintiff still has failed to timely provide the Court with his confidential settlement
8  statement and the time to do so has passed.

9  The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to
10 secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate
11 this purpose, the rules provide for sanctions against parties that fail to comply with court orders or
12 that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).
13 Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to
14 obey a scheduling or other pretrial order.

15 The Court also possesses inherent authority to impose sanctions to manage its own affairs
16 so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501
17 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all
18 others, including to protect the due and orderly administration of justice and maintain the authority
19 and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to
20 compel a party to comply with the Court's orders, the Court may issue daily sanctions until
21 compliance is obtained. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005)
22 (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the
23 defendant to do what he had refused to do.").

24 Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of
25 counsel or of a party to comply with these Rules or with any order of the Court may be grounds for
26 imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent
27 power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these
28 Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate

Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id*.

Here, Plaintiff has failed to comply with the Court's orders. *See* (Docs. 16-18, 21, 25). Accordingly, the Court finds that monetary sanctions are appropriate to compel Plaintiff to comply with this Court's orders. Therefore, to gain Plaintiff's compliance, a $100.00 sanction shall be imposed on Plaintiff commencing on the date of this order and shall continue to be imposed each day thereafter until the Plaintiff lodges a confidential settlement statement with the Court. Plaintiff's lodging of the statement on the date of this order will not relieve Plaintiff of the sanction imposed commencing on this date. Further, the daily deadline shall expire at the close of business each day at 5:00 pm.

Based on the foregoing, IT IS HEREBY ORDERED, Plaintiff shall pay the Clerk of the Court $100 per day, beginning on the date of this order, until Plaintiff's confidential settlement statement is lodged with this Court.

IT IS SO ORDERED.

Dated:   **September 11, 2023**                                            _____
                                                                          UNITED STATES MAGISTRATE JUDGE