UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIA GIL HURTADO,<br><br>   Plaintiff,<br><br>   v.<br><br>FORD MOTOR COMPANY,<br><br>   Defendant. | Case No. 1:22-cv-00206-NODJ-CDB<br><br>ORDER EXTENDING DEADLINE TO FILE DISPOSITIONAL DOCUMENTS<br><br>(Doc. 40)<br><br>**<u>SEVEN-DAY DEADLINE</u>** |

Defendant Ford Motor Company (Defendant) removed this action by Plaintiff Elia Gil Hurtado ("Plaintiff") from state court on February 17, 2022 – *e.g.*, more than two years ago.

On January 11, 2024, the parties jointly executed a notice of settlement of the entire case and requested that the Court vacate all remaining case management dates, including trial. (Doc. 34). The Court vacated all case management dates and directed the parties to file dispositional documents within 21 days. (Doc. 35) (citing Local Rule 160(b)). In its order, the Court made clear: "Absent extraordinary circumstances, the Court disfavors retaining jurisdiction over the terms of or performance under the parties' settlement agreement." *Id.*

When the parties failed to timely file dispositional documents in violation of that order, on February 5, 2024, the Court ordered the parties to show cause why sanctions should not be imposed. (Doc. 36). The parties timely responded to the Court's order to show cause. (Docs. 37-38).

According to their filings, the parties' agreement required Plaintiff to surrender the subject vehicle to Defendant no later than February 10, 2024, and for Defendant thereafter to pay to Plaintiff a sum certain within three days.  *Id.*  Accordingly, the Court discharged its show cause order and ordered the parties to file dispositional documents no later than March 1, 2024.  (Doc. 39).

Instead of timely filing dispositional documents, on March 1, 2024, counsel for Defendant filed a declaration in which he attests generally that neither the surrender of the vehicle nor Defendant's payment to Plaintiff has timely occurred at least in part, if not largely, due to Plaintiff's delay in performing consistent with the parties' settlement agreement.  (Doc. 40 at 2).  Counsel for Defendant attests that the parties "expect to complete the vehicle surrender within sixty (60) days."  *Id.*  Counsel for Defendant also references that the parties' agreement binds Plaintiff to file a notice of dismissal only after the parties complete all settlement terms.

The case or controversy over which this Court exercised jurisdiction has been settled – the parties entered a Rule 68 offer of judgment and, at their request, the Court vacated all case management dates, including trial.  Under these circumstances, it is improper and presumptuous for the parties to purport to require this Court to effectively monitor their performance under the settlement agreement – particularly where, as set forth above, the parties already have failed to comply with their self-imposed deadlines for completing certain terms of the agreement.

Because the parties have failed to present "extraordinary circumstances" warranting the Court's maintenance of jurisdiction over the terms of or performance under the parties' settlement agreement (Doc. 35), the Court declines to do so, with the limited exception that the Court will agree to retain jurisdiction over the parties' resolution of the matter of attorney's fees and costs.  *See* Local Rule 293.

Accordingly, IT IS HEREBY ORDERED: The Court shall extend the deadline to file dispositional documents by seven (7) days of entry of this order.

The Court will not consider any further requests by the parties for extensions of the deadline unless they demonstrate good cause unrelated to the parties' performance under the settlement agreement.  *See Eitel v. McCool*, 782 F.2d 1470, 1472-73 (9th Cir. 1986) (affirming district court's

dismissal of case pursuant to Rule 41(a)(1)(A)(ii), even without the filing of a stipulation, where parties' representations to court manifest their mutual intent to settle and dismiss the case).

**Failure to timely comply with this Order will result in the imposition of sanctions, including financial sanctions and the recommendation of dismissal of this action.**

IT IS SO ORDERED.

Dated:  **March 6, 2024**  

_____
UNITED STATES MAGISTRATE JUDGE